IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 2 3 2016

David J. Bradley, Clerk of Court

| | |
|---|---|
| Paree La'Tiejira, | ) Civil Action No. _____ |
| | ) |
|     Plaintiff, | ) Complaint for Libel; |
| | ) Intentional Interference With |
| v. | ) Actual And Prospective |
| | ) Economic Advantage; Negligent |
| Facebook, Inc., | ) Interference With Actual And |
| Mark Zuckerberg, | ) Prospective Economic |
| Kyle Anders, and fictitious | ) Advantage; Unfair Competition |
| Defendants A, B, C, | ) Under California Law; And |
| | ) Intentional Infliction Of |
|     Defendants. | ) Emotional Distress |
| | ) |
| | ) Demand For Jury Trial |

### Initial Petition

Now comes plaintiff Paree La'Tiejira and files her Initial Petition ("Petition") against defendants Facebook, Inc., Mark Zuckerberg, Kyle Anders, and A, B, and C as follows:

#### I.   Parties

1. Plaintiff Paree La'Tiejira ("La'Tiejira") is a resident of Houston, Texas, residing at 2714 Eagle St.

2. Defendant Facebook, Inc. ("FB") is a Delaware corporation, physically located at 1601 Willow Road, Menlo Park, CA 94025, that at all times herein relevant was doing business in the state of Texas and has as its registered agent for purposes of service of process Corporation Service Company, d/b/a in California as CSC - Lawyers Incorporating Service,

1

located at 2710 Gateway Oaks Dr., Ste. 150n, Sacramento, CA 95833.

3. Defendant Mark Zuckerberg ("Zuckerberg") is a co-founder of FB, serves as its CEO, and resides at 1456 Edgewood Drive, Palo Alto CA, 94301-3119.

4. Defendant Kyle Anders ("Anders") is a _____ resident, residing at _____.

5. Fictitious defendants A, B, and C, whose identities are presently unknown to La'Tiejira, are subject to the court's jurisdiction and are jointly and severally liable to La'Tiejira as set out below.

## II. Jurisdiction

6. The Court has jurisdiction over the lawsuit because the suit arises under Federal Statute 28 USCA Section 1332(a)(1), where Plaintiff and Defendants are citizens of different states.

## III. Factual Allegations

7. La'Tiejira AKA "Lady Paree" is a 41-year-old biological female, born on March 19, 1975, who in 1993, moved to Los Angeles, CA, to pursue a career as an actress in the adult entertainment field. Since 1995, she has resided in Houston, TX, and is currently unemployed.

8. Sometime prior to December, 2009, La'Tiejira sued Mark C. Carriere and Leisure Time Entertainment in the Lake County, Indiana, Circuit Court, in civil action no. 45C01-9511-CT-

2

02095, for publishing false and defamatory statements about her to the effect that La'Tiejira was born as a male and not a female. *See* Court's January 13, 2010, *Findings of Fact, Conclusions Thereon, and Order*, attached hereto as "Exhibit 1".

9. While Carriere and Leisure Time Entertainment's false publication was without any basis in fact, certain members of the general public believed them to be true. As a result, La'Tiejira has been battered and assaulted by fans, and has been at risk for violent reactions; in one such incident, a former fan slashed La'Tiejira's face with a knife from her left temple to her lower left chin, while declaring he believed La'Tiejira used to be a man. La'Tiejira suffered a cut requiring one hundred fifty (150) stiches and three cosmetic surgeries, however the scar from the attack is still visible today.

10.   La'Tiejira hereby alleges, incorporates and adopts the findings of fact found by the court in the above-referenced lawsuit as if they were fully alleged and set out herein.

11.   After a bench trial, the Lake County court found that La'Tiejira was in fact born a woman, had never been a man, had never undergone any type of transgender procedure, and that the defendants had actual knowledge she was a woman when they published statements claiming that she was born a man. *Id*. Consequently, the court awarded La'Tiejira $2,500,000.00 in compensatory damages and an additional $50,000.00 in punitive damages. *Id*.

3

12. The defendants herein, with actual knowledge that La'Tiejira is a woman, individually and collectively published and continue to publish false statements that she was born a man through the FB online platform operated and managed by FB and Zuckerberg. Such intentional, malicious, or grossly negligent publication by defendants has caused La'Tiejira economic and compensatory damages, as well as emotional distress and physical pain so severe that she has had to seek professional assistance to help cope with the damages caused by defendants' conduct.

### IV.   Causes of Action

#### A.   Defamation and libel.

13. La'Tiejira realleges and incorporates by reference paragraphs 1-11 as if set out fully herein.

14. Individually and collectively, defendants FB, Zuckerberg, and Anders intentionally published, over the internet, defamatory and false communications that La'Tiejira was a born a male, and had undergone transgender medical procedures, when in fact La'Tiejira was born a female and has never undergone any type of transgender procedure, and has always lived as, and considered herself a female.

15. Defendants' false publications have negatively impacted, if not effectively ended, La'Tiejira's acting career in the adult entertainment industry. Promoters, producers, and filmmakers have ceased making contacts and employment overtures toward her.

16. While false, certain members of the general public have taken defendants' publications to be true.

17. Defendants' publications have put La'Tiejira at risk of physical injury.

18. La'Tiejira has been harassed, has received hate mail from members of the general public and former friends, including death threats, as a direct and proximate result of defendants' conduct.

19. La'Tiejira has suffered emotional distress and severe depression, including suicidal thoughts, as a result of defendants' defamatory conduct, was forced to undergo psychological treatment for her emotional and mental distress, and continues to suffer mental and physical pain.

20. Defendants' defamatory and libelous acts have tended to injure La'Tiejira's reputation and diminish esteem, good will, respect, and confidence in her, and have excited derogatory feelings and opinions about her.

21. Defendants' false communications were defamatory *per se*, as they imputed misconduct by La'Tiejira in her trade and profession by asserting false facts that caused others in the adult entertainment field to doubt La'Tiejira's true sexual identity and ability to function in her chosen profession.

22. The defendants have also defamed La'Tiejira *per se* by their false publications because they consisted of words

5

falsely "written" to injure or prejudice La'Tiejira's trade or profession.

23. La'Tiejira has the appearance of a female, has always performed as a female, and informed defendants she is a female. Thus defendants acted with actual malice because they made their statements with actual knowledge of their falsity or with reckless disregard as to whether they were false or not.

24. Because defendants' lacked a qualified privilege, La'Tiejira need not prove malice by defendants. Moreover, because defendants' false statements tended to expose La'Tiejira to public contempt, ridicule, aversion and disgrace, included an evil opinion of her in the eyes of right-thinking people, and deprived her of her friendly intercourse with society, they were libelous *per se.*

25. Inasmuch as the defendants' false statements were *per se* libelous and defamatory, damages are presumed even without a showing of actual damages. Nevertheless, La'Tiejira has suffered actual damages to her reputation and mental and physical condition.

26. Consequently, defendants are jointly and severally liable to La'Tiejira for lost income, actual and future prospective economic advantage, negligent interference with actual and prospective economic advantage, and intentional infliction of emotional distress and personal injury in an amount of $1,000,000,000.00.

27.   La'Tiejira also requests the defendants be permanently enjoined from publishing any statements which depict her as anything other than a female under California's Unfair Competition Act (Business and Professions Code § 17200 et seq.).

### B.   Intentional Infliction of Emotional Distress

28.   La'Tiejira realleges and incorporates by reference paragraphs 1-26 as if fully set out herein.

29.   As detailed above, the defendants knew La'Tiejira is a female and acted intentionally or recklessly by publishing false communications. Publishing such communications with the intent to humiliate and cause La'Tiejira emotional and mental distress and pain and suffering and to injure her career was extreme and outrageous. Moreover, defendants' conduct subjected La'Tiejira to public ridicule, risk of physical injury, including death threats, and caused her to seek professional help to cope with her suffering. Thus the defendants' acts caused her extreme emotional distress. Therefore, defendants' conduct constituted intentional infliction of emotional distress.

30.   Consequently, defendants are jointly and severally liable to La'Tiejira for lost income, actual and future prospective economic advantage, negligent interference with actual and prospective economic advantage, and personal injury for intentional infliction of emotional distress in an amount of $1,000,000,000.00.

31. La'Tiejira also requests the defendants be permanently enjoined from publishing any statements which depict her as anything other than a female California's Unfair Competition Act (Business and Professions Code § 17200 et seq.).

## V. Punitive Damages

32. La'Tiejira realleges and incorporates paragraphs 1-30 above as if fully set out herein.

33. Inasmuch as the defendants, by clear and convincing evidence, acted with either malice or gross-negligence, they are liable to La'Tiejira for punitive damages in an amount proven and awarded by a jury, pursuant to the Texas Civil Practice and Remedies Code § 41.001 *et seq.*

## VI. Jury Request

34. La'Tiejira requests a trial by jury.

## VII. Prayer for Relief

**WHEREFORE,** the premises considered, La'Tiejira requests this court assert jurisdiction of this cause of action, cause summons and process to issue ordering each defendant be made a party to this cause and be required to appear and give answer as required by law under penalty of default.

Respectfully submitted this the _23_ day of August, 2016.

_____
Paree La'Tiejira, Pro se
2714 Eagle St
Houston TX 77004
Phone: 832-966-2225