UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAREE LA'TIEJIRA, | § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION NO. 4:16-CV-02574 |
| FACEBOOK, INC., *et al.*, | | |
| Defendants. | | |

**FACEBOOK, INC.'S AND MARK ZUCKERBERG'S
MOTION TO DISMISS PURSUANT TO THE
<u>TEXAS CITIZENS PARTICIPATION ACT</u>**

-i-

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | SUMMARY OF THE MOTION | 1 |
| II. | BACKGROUND | 2 |
| III. | ARGUMENT AND AUTHORITIES | 3 |
| | A. Legal Standard | 3 |
| | B. The TCPA Applies to Plaintiff's Claims Against the Facebook Defendants | 5 |
| | C. Plaintiff Cannot Establish a Prima Facie Case for Each Element of Her Claims Based on Clear and Specific Evidence | 6 |
| | D. The Facebook Defendants Have Established a Valid Defense to All of Plaintiff's Claims | 7 |
| IV. | CONCLUSION | 8 |

60406-0023/133471638.1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*AOL, Inc. v. Malouf*,
  No. 05-13-01637-CV, 2015 WL 1535669 (Tex. App.-Dallas Apr. 2, 2015) ............................4

*Better Bus. Bureau of Metro. Dallas, Inc. v. Ward*,
  401 S.W.3d 440 (Tex. App.-Dallas 2013) ................................................................................8

*Brown v. Wimberly*,
  477 F. App'x 214 (5th Cir. 2012) ............................................................................................3

*Cruz v. Van Sickle*,
  452 S.W.3d 503 (Tex. App.-Dallas 2014) ................................................................................7

*Haynes v. Crenshaw*,
  166 F. Supp. 3d 764 (E.D. Tex. 2016) ..................................................................................4, 8

*Hilton v. Hallmark Cards*,
  599 F.3d 894 (9th Cir. 2010) ....................................................................................................5

*Hupp v. Freedom Commc'ns, Inc.*,
  221 Cal. App. 4th 398 (2013) ...................................................................................................5

*In re Lipsky*,
  460 S.W.3d 579 (Tex. 2015) .................................................................................................4, 8

*Jeung v. Yelp, Inc.*,
  No. 15-CV-02228-RS, 2015 WL 4776424 (N.D. Cal. Aug. 13, 2015) .....................................5

*Snyder v. Phelps*,
  562 U.S. 443 (2011) ..................................................................................................................6

**STATUTES**

28 U.S.C. § 1404 ................................................................................................................................1

Cal. Civ. Proc. Code § 425.16, *et seq.* ..............................................................................................5

Tex. Civ. Prac. & Rem. Code § 27.001(1) ........................................................................................6

Tex. Civ. Prac. & Rem. Code § 27.001(3) ........................................................................................6

Tex. Civ. Prac. & Rem. Code § 27.001(4)(a)(i) ................................................................................7

## TABLE OF AUTHORITIES
(continued)

Page

Tex. Civ. Prac. & Rem. Code § 27.001(6) ................................................................................... 7

Tex. Civ. Prac. & Rem. Code § 27.002 ....................................................................................... 4

Tex. Civ. Prac. & Rem. Code § 27.005(d) ...................................................................... 1, 4, 8, 9

Tex. Civ. Prac. & Rem. Code § 27.001(7) ................................................................................... 6

Tex. Civ. Prac. & Rem. Code § 27.001, *et seq.* .......................................................................... 1

Tex. Civ. Prac. & Rem. Code § 27.003(a) ............................................................................... 1, 5

Tex. Civ. Prac. & Rem. Code § 27.005(b)(1)-(3) ........................................................................ 4

Tex. Civ. Prac. & Rem. Code § 27.005(c) ......................................................................... 1, 4, 8

Tex. Civ. Prac. & Rem. Code § 27.006 ....................................................................................... 4

Tex. Civ. Prac. & Rem. Code § 27.009(a)(1) ..................................................................... 2, 5, 9

Tex. Civ. Prac. & Rem. Code § 27.009(a)(2) ..................................................................... 2, 5, 9

**RULES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 1

Fed. R. Civ. P. 12(b)(2) ............................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

**OTHER AUTHORITIES**

Digital Media Law Project, *State Law: SLAPPs*, http://www.dmlp.org/legal-
    guide/state-law-slapps (last visited Oct. 31, 2016) .............................................................. 3

Facebook, Inc. ("Facebook") and Mark Zuckerberg ("Zuckerberg") (collectively, the "Facebook Defendants") move to dismiss the claims of plaintiff Paree La'Tiejira ("La'Tiejira") under the Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem. Code § 27.001, *et seq*. The Facebook Defendants respectfully request that this Court consider this motion (the "TCPA Motion") only if it denies, in whole or in part, the Facebook Defendants' Motion to Dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure or, in the Alternative, Motion to Transfer Venue under 28 U.S.C. § 1404 (the "Motion to Dismiss"), which is filed concurrently with this motion.

## I.     SUMMARY OF THE MOTION

As explained in the Facebook Defendants' Motion to Dismiss, La'Tiejira alleges several state-law claims against the Facebook Defendants and seeks $1 billion in damages. The gravamen of her Complaint is that Facebook users posted allegedly defamatory statements about her on Facebook's website and the Facebook Defendants failed to prevent those statements from being posted and/or failed to remove those statements.

La'Tiejira's claims necessarily implicate the Facebook Defendants' exercise of their First Amendment rights and therefore fall within the scope of the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). Moreover, for reasons described in the Facebook Defendants' Motion to Dismiss, La'Tiejira cannot "establish[] by clear and specific evidence a prima facie case for each essential element" of her claims. *Id*. § 27.005(c). Even if she could, the Facebook Defendants have established "a valid defense" to all of La'Tiejira's claims—namely, the broad immunity conferred by the federal Communications Decency Act. *Id*. § 27.005(d). Thus, this Court should dismiss La'Tiejira's claims under the TCPA. *See id*. § 27.009(a)(1), (2).

## II.     BACKGROUND

Defendant Facebook is a public company incorporated in Delaware with its principal place of business in Menlo Park, California. *See* Compl. ¶ 2. Facebook operates a free social networking service that enables more than 1.7 billion users worldwide to connect and share information that is important to them with their family, coworkers, and friends. *See* Declaration of Ryan Spear ("Spear Decl."), ¶ 3 & Ex. A.

Plaintiff La'Tiejira is a "41-year-old biological female" who, in 1993, "moved to Los Angeles, CA to pursue a career as an actress in the adult entertainment field." Compl. ¶ 7. She alleges that, "[s]ometime prior to December, 2009," she sued Mark C. Carriere and Leisure Time Entertainment (neither of whom are defendants in this case) "for publishing false and defamatory statements . . . to the effect that La'Tiejira was born as a male and not a female." *Id*. ¶ 8. According to La'Tiejira, "certain members of the general public believed [those statements] to be true," and La'Tiejira has since been "battered and assaulted by fans" and "at risk for violent reactions" as a result. *Id*. ¶ 9. Based on documents attached to La'Tiejira's Complaint, it appears that she obtained a default judgment against Carriere and Leisure Time Entertainment in the amount of $2,550,000 in 2010. *See id*. ¶ 11.

La'Tiejira now seeks to impose liability on the Facebook Defendants because the same or similar statements regarding her gender identity purportedly appeared on Facebook's website at some point after 2010. *See id*. ¶ 12. La'Tiejira does not specifically allege that the Facebook Defendants authored any statements regarding her gender identity or that the Facebook Defendants were responsible in any way for the creation of that content. Nor does she allege that the Facebook Defendants encouraged, adopted, or even knew about any allegedly defamatory statements about her gender identity.  Indeed, she doesn't specifically identify *any* of the allegedly defamatory statements she claims appeared on Facebook.

Instead, she seems to allege that the other defendants (Kyle Anders and "fictitious Defendants A, B, [and] C") authored allegedly defamatory statements and then published the statements using "the [Facebook] online platform operated and managed by [Facebook] and Zuckerberg." *Id.* ¶ 12. Based on that theory, La'Tiejira alleges that all defendants, including the Facebook Defendants, are liable for defamation, intentional interference with actual and prospective economic advantage, negligent interference with actual and prospective economic advantage, unfair competition under California law, and intentional infliction of emotional distress. She seeks damages of $1 billion. *See id.* ¶¶ 26, 30.

On October 19, 2016, the Facebook Defendants sent La'Tiejira a letter informing her that they intended to seek dismissal of her claims under the TCPA. *See* Spear Decl., Ex. B.

### III. ARGUMENT AND AUTHORITIES

#### A. Legal Standard

Although it is a state law, the TCPA applies in federal court. *See, e.g.*, *Brown v. Wimberly*, 477 F. App'x 214, 216 (5th Cir. 2012). The TCPA is an "anti-SLAPP" statute.[1] Its purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002. "To that end, the TCPA creates an expedited process so defendants can quickly obtain dismissal of 'retaliatory lawsuits that seek to intimidate or silence them on matters of public concern.'" *Haynes v. Crenshaw*, 166 F. Supp. 3d 764, 768 (E.D. Tex. 2016) (quoting *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015)), *report and recomm. adopted*, 166 F. Supp. 3d 773 (E.D. Tex. 2016). "[T]he plain language of the TCPA

---

[1] "SLAPP" stands for "Strategic Lawsuit Against Public Participation." More than twenty states have enacted anti-SLAPP laws. *See* Digital Media Law Project, *State Law: SLAPPs*, http://www.dmlp.org/legal-guide/state-law-slapps (last visited Oct. 31, 2016).

does not exclude media defendants from its application." *AOL, Inc. v. Malouf*, No. 05-13-01637-CV, 2015 WL 1535669, at *3 (Tex. App.-Dallas Apr. 2, 2015) (dismissing claims against AOL based on statements published on AOL's website).

Courts analyze TCPA motions under a two-part framework. **First**, the moving party must show that the plaintiff's claim "is based on, relates to, or is in response to" the moving party's exercise of its First Amendment rights. Tex. Civ. Prac. & Rem. Code § 27.005(b)(1)-(3). "[I]n deciding whether a claim 'relates to' a defendant's rights of free speech, application of the TCPA is not limited to a plaintiff's defamation claims, but other civil claims based on that defamation, including tortious interference." *Haynes*, 166 F. Supp. 3d at 769 (citing cases).

**Second**, if the moving party makes that showing, then the plaintiff must "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c). If the plaintiff does not meet that burden, then her claim must be dismissed. *See id.* Moreover, even if the plaintiff does meet that burden, her claim must still be dismissed if the moving party establishes a valid defense to her claim. *See id.* § 27.005(d). Crucially, a plaintiff responding to a TCPA motion cannot avoid dismissal by relying on the allegations in her complaint. Instead, she must come forward with "clear and specific" evidence to support her claims. *Id.* § 27.005(c); *see also id.* § 27.006.

If the moving party prevails, the TCPA provides for an award of "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action." *Id.* § 27.009(a)(1). In addition, sanctions "shall" be awarded in an amount "sufficient to deter the party who brought the legal action from bringing similar actions." *Id.* § 27.009(a)(2).[2]

---

[2] La'Tiejira agreed to litigate any disputes with Facebook under California law. *See* Mot. to Dismiss at 13. California has enacted an anti-SLAPP law that is substantially similar to the TCPA in both substance and procedure. *See* Cal. Civ. Proc. Code § 425.16, *et seq.*; *Hilton v.*

### B. The TCPA Applies to Plaintiff's Claims Against the Facebook Defendants.

Under the first step of the TCPA analysis, the Facebook Defendants have the burden to show that La'Tiejira's claims are "based on, relate[] to, or [are] in response to" the Facebook Defendants' exercise of their First Amendment rights, including "the right of free speech." Tex. Civ. Prac. & Rem. Code § 27.003(a). Here, La'Tiejira's claims concern the publication of statements by third parties on Facebook, and the Facebook Defendants' alleged failure to remove this content. In other words, La'Tiejira challenges Facebook's alleged decision to allow certain (unidentified) content to remain on its platform. Her claims therefore arise from Facebook's exercise of its free speech rights.

Under the TCPA, "'[e]xercise of the right of free speech' means *a communication* made in connection with *a matter of public concern*." Tex. Civ. Prac. & Rem. Code § 27.001(3) (emphasis added). Statements published on Facebook, including the allegedly defamatory statements of which La'Tiejira complains, are "communications" under the TCPA. *Id.* § 27.001(1) ("'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic."). La'Tiejira seeks to punish Facebook for failing to prevent or remove these communications.

These "communications" were also made "in connection with a matter of public concern" because communications about "public figures" are matters of public concern. *Id.* § 27.001(3) & (7). Here, La'Tiejira herself alleges that she is a public figure. Specifically, she states that she pursued "a career as an actress in the adult entertainment field" under the name "Lady Paree."

---

*Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010) (describing California's anti-SLAPP statute, including the same two-part burden-shifting framework used to evaluate motions to dismiss under the TCPA); *Jeung v. Yelp, Inc.*, No. 15-CV-02228-RS, 2015 WL 4776424, at *3 (N.D. Cal. Aug. 13, 2015) (dismissing claims against online service provider based on user-generated content); *Hupp v. Freedom Commc'ns, Inc.*, 221 Cal. App. 4th 398, 405 (2013) (similar). Thus, under either Texas or California law, the result is the same and La'Tiejira's claims against Facebook should be dismissed.

Compl. ¶ 7. She also declares, by incorporating into her Complaint a previous court order, *see id*. ¶ 10, that she is a "well-publicized and well-known pornographic video actress [who has] received compensation" for, among other things, "signings, photos, club appearances, bookstore appearances, dancing, adult video store appearances and conventions." *Id*., Ex. 1 ¶ 23. According to La'Tiejira, she has appeared in "approximately two hundred seventeen (217) . . . adult movies." *Id*., Ex. 1 ¶ 25. Alleging these facts, La'Tiejira concedes that she is a public figure. And that conclusion is confirmed by a simple Internet search based on La'Tiejira's name, which produces dozens of search results. *See Snyder v. Phelps*, 562 U.S. 443, 453 (2011) (speech deals with matters of "public concern" when it "is a subject of legitimate news interest," and the arguably "inappropriate or controversial character of a statement is irrelevant").

In sum, although La'Tiejira has not specifically identified the allegedly defamatory statements at issue, any such statements constitute "communications" about issues of "public concern"—namely, La'Tiejira and her adult entertainment career. Thus, La'Tiejira's claims, which attempt to punish Facebook for failing to prevent or remove these communications from its platform, arise from the exercise of the Facebook Defendants' free speech rights. *See Cruz v. Van Sickle*, 452 S.W.3d 503 (Tex. App.-Dallas 2014) (TCPA applied where, as here, plaintiff sought to hold online service provider liable for publication of allegedly defamatory statements authored by user of service).

    **C.    Plaintiff Cannot Establish a Prima Facie Case for Each Element of Her Claims Based on Clear and Specific Evidence.**

Because La'Tiejira's claims are based on the Facebook Defendants' exercise of their First Amendment rights, the burden shifts to La'Tiejira to produce "clear and specific evidence" supporting each element of her claims. Tex. Civ. Prac. & Rem. Code § 27.005(c). "[G]eneral allegations that merely recite the elements of a cause of action . . . will not suffice." *In re Lipsky*,

460 S.W.3d at 590-91. Instead, "a plaintiff should cite *evidence* to support each element of [her] claims." *Haynes*, 166 F. Supp. 3d at 771 (emphasis added); *see also Better Bus. Bureau of Metro. Dallas, Inc. v. Ward*, 401 S.W.3d 440, 445 (Tex. App.-Dallas 2013) (granting TCPA motion where plaintiff "cited no evidence to support each element of his defamation claims").

La'Tiejira cannot meet that burden. As explained in the Facebook Defendants' Motion to Dismiss, La'Tiejira has not alleged and cannot allege the essential elements of any of her claims, many of which are undermined by her own allegations. *See* Mot. to Dismiss at 14-23. To avoid repeating the same arguments in two simultaneously filed motions, the Facebook Defendants incorporate those arguments and authorities by reference here.

### D. The Facebook Defendants Have Established a Valid Defense to All of Plaintiff's Claims.

Even if La'Tiejira could allege the essential elements of her claims (she cannot), and even if she could provide "clear and specific evidence" supporting those allegations (she cannot), that would not be enough. Notwithstanding any support La'Tiejira may muster, this Court must dismiss her claims if the Facebook Defendants show that they are subject to a "valid defense." Tex. Civ. Prac. & Rem. Code § 27.005(d). The Facebook Defendants have made that showing. As explained in the Motion to Dismiss, the Facebook Defendants are immune to La'Tiejira's claims under the federal Communications Decency Act ("CDA") because (1) the Facebook Defendants are providers of an "interactive computer service"; (2) La'Tiejira's claims treat the Facebook Defendants as "publishers" of the allegedly defamatory statements; and (3) the allegedly defamatory statements were "provided by another information content provider," not the Facebook Defendants. 47 U.S.C. § 230(c)(1). Once again, to avoid repeating the same arguments in two simultaneously filed motions, the Facebook Defendants incorporate those arguments and authorities by reference here. *See* Mot. to Dismiss at 8-12.

Because the Facebook Defendants are immune to La'Tiejira's claims under the CDA, it does not matter whether La'Tiejira can adequately allege the elements of her claims or produce clear and specific evidence to support her allegations. Thus, her Complaint must be dismissed under the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.005(d).[3]

### IV. CONCLUSION

For the foregoing reasons, the Facebook Defendants respectfully request that the Court grant this motion, dismiss La'Tiejira's claims with prejudice, and award costs, fees, expenses, and sanctions, as appropriate, under the TCPA.

Dated: October 31, 2016

Respectfully submitted,

/s/ William W. Maxwell
Ann Marie Painter, *Attorney in Charge*
ampainter@perkinscoie.com
State Bar No. 00784715
Federal Bar No. 19741
William W. Maxwell, *Of Counsel*
wmaxwell@perkinscoie.com
State Bar No. 24060240
Federal Bar No. 1116155
Perkins Coie LLP
500 North Akard, Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7700
Facsimile: 214.965.7799

ATTORNEYS FOR DEFENDANTS
FACEBOOK, INC. AND MARK
ZUCKERBERG

---

[3] Moreover, all of La'Tiejira's claims fail as a matter of law because she has not adequately alleged subject-matter jurisdiction or personal jurisdiction. *See* Mot. to Dismiss at 3-7. The Facebook Defendants also incorporate those arguments and authorities here.

-9-

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been served upon the pro se plaintiff, via certified mail, return receipt requested, and filed with the Court via the CM/ECF system, on this 31st day of October, 2016, as follows:

Paree La'Tiejira
2714 Eagle St.
Houston, Texas  77004

                                      /s/ William W. Maxwell

60406-0023/133471638.1